50 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
The ESTATE OF Rhonda J. DUFFIN; Michael D. Duffin; R.
Michael Duffin; Carolann R. Duffin; Steven A.
Duffin, Plaintiffs-Appellants,
v.
UNITED OLYMPIC LIFE INSURANCE CO.; Adminicomp Inc.;
Consultants & Administrators, Inc.; and Does I
Through 50, inclusive, Defendants-Appellees.
 No. 93-56299.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1995.
Decided March 23, 1995.
 
 1
 Before: SCHROEDER and KLEINFELD, Circuit Judges, and KING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 This is an appeal from a grant of summary judgment in favor of defendants in plaintiff-appellants' state law cause of action for breach of contract, breach of an implied covenant of good faith and fair dealing, deceit and intentional infliction of emotional distress. This suit arose from the allegedly improper termination of insurance benefits for non-payment of premiums, and the subsequent denial of benefits to the late Rhonda J. Duffin. The cancellation occurred after the defendants learned that Rhonda had been diagnosed with advanced cervical cancer. The plaintiffs are the Estate of Rhonda J. Duffin and her family members. The coverage at issue is an insurance plan called The Innovator, an association group policy issued by defendant United Olympic Health Insurance Company ("United Olympic") to defendant policyholder National Health Trust, and maintained by defendant Consultants and Administrators.
 
 
 4
 The sole question before us is whether the district court erred in holding that the coverage at issue constituted an employee welfare benefit plan ("plan") under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Secs. 1001, et seq., thereby preempting the Duffins' state law claims. We hold that the district court correctly concluded both that the coverage at issue constituted a plan and that preemption is appropriate, and so we affirm.
 
 
 5
 The dispositive facts stem from the August 1990 efforts of Roger Duffin, Rhonda's father-in-law and the sole proprietor of a small unincorporated business known as Lang Plumbing, Heating & Air Conditioning ("Lang"), to procure insurance for himself and his family. As of August 1990, Lang had eight employees, two of whom were Roger's sons. The evidence established that Roger and Lang's accountant met twice with an insurance agent at Lang's offices. The two were joined by Lang's manager at the initial meeting. Roger purchased The Innovator for himself, his wife, and his child Shay Brian, and also made it available to his employees. Out of Lang's eight employees, three declined to participate, and two were rejected by defendants. The three initial participants were Roger and his two sons, Michael and Steven. Each participant completed a separate enrollment form and was given a separate certificate of coverage. After this initial enrollment, a non-family employee, David Smith, joined Lang for several months and was given coverage.
 
 
 6
 Lang paid the insurance company all the premiums due for covered family employees and dependents, and all the premiums due on coverage obtained for the non-family employees, partially reimbursing itself by deducting from the paychecks of non-family employees the difference between the monthly insurance premiums and $60. All the premiums were list-billed to Lang on one statement each month. Lang deducted the premium payments for its employees as a business expense. When David Smith was fired, Lang notified Consultants and Administrators, and Smith's premium billing was dropped from the list-bill.
 
 
 7
 ERISA's preemption clause provides that, "Except as provided in subsection (b) of this section, [ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan ..." 29 U.S.C. Sec. 1144(a) (emphasis added). An "employee welfare benefit plan" governed by ERISA is:
 
 
 8
 any plan ... established or maintained by an employer or by an employee organization, or by both, to the extent that such plan ... was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise ... medical, surgical or hospital care or benefits....
 
 
 9
 29 U.S.C. Sec. 1002(1) (emphasis added).
 
 
 10
 Appellants offer a number of reasons to support their position that there was no employer "plan" within the meaning of ERISA.
 
 
 11
 Appellants first contend that the only "plan" at issue in this case was the written master policy issued by United Olympic to National Health Trust, and National Health Trust cannot qualify as an "employer" or "employer organization" under 29 U.S.C. Sec. 1002(1). Thus, they argue, there can be no "employee" benefit plan. This position is foreclosed by our circuit's approval of the Eleventh Circuit's decision in Donovan v. Dillingham, 688 F.2d 1367 (11th Cir.1982) (en banc). See, e.g., Carver v. Westinghouse Hanford Co., 951 F.2d 1083, 1086 (9th Cir.1991), cert. denied, 112 S.Ct. 3036 (1992) (citing Donovan ); Kanne v. Connecticut Gen. Life Ins. Co., 867 F.2d 489, 491-92 (9th Cir.1988) (same); Credit Managers Ass'n v. Kennesaw Life & Accident Ins. Co., 809 F.2d 617, 625 (9th Cir.1987) (same). In Donovan the court held that a multiple-employer insurance trust was not an ERISA plan but that individual employers subscribing to it had established ERISA plans. See Donovan at 1372, 1374. Accordingly, to the extent there exists an ERISA plan here, that plan would consist not of the master policy, but a single-employer plan established by Lang and offered to its employees.
 
 
 12
 Our court in Credit Managers Ass'n expressly stated that an employer can establish an ERISA plan by doing no more than arranging for a group-type insurance program, "unless it is a mere advertiser who makes no contribution on behalf of employees." 809 F.2d at 625. As noted above, Lang provided contributions. Roger Duffin's claim that his intention was not to establish a plan, but to provide coverage for his family, is unavailing. An employer's subjective intent is irrelevant. See Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 107 (1983). An ERISA plan exists if, from the surrounding circumstances, a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for obtaining benefits. See Carver v. Westinghous Hanford Co., 951 F.2d at 1086. This test is met here.
 
 
 13
 Appellants also contend that the employer in this case did nothing more than offer "mere financing" for the insurance, and this in and of itself is insufficient to show the establishment or maintenance of a plan. Purchase of insurance, however, is evidence of a plan. See Donovan, 688 F.2d at 1373. Additionally, the finding of an ERISA plan here is not predicated on the mere fact of financing. List-billing, deducting premium payments as a business expense, providing administrative support by advising the carrier of a change in employee coverage, and meeting with an insurance agent on two occasions with at least two company representatives present both times all indicate greater involvement than mere funding, and demonstrate that Lang "established" an ERISA plan.
 
 
 14
 Appellants also argue that even assuming Lang had "established" a plan, it could not have maintained one after it closed up shop in January 1991, and so the coverage could not have been governed by ERISA after this date. This argument lacks merit. The statute speaks disjunctively in terms of a plan being "established or ... maintained." Once Lang had "established" the plan, it no longer mattered whether it was "maintaining" it. See Qualls v. Blue Cross of California, Inc., 22 F.3d 839, 843 n. 4 (9th Cir.1994). We also reject Roger Duffin's argument that as a sole proprietor, he cannot be deemed an "employee" of either himself or Lang, and thus cannot be covered by ERISA. As a "beneficiary," Roger is covered by ERISA. See 29 U.S.C. Sec. 1002(8); cf. Harper v. American Chamber Life Ins. Co., 898 F.2d 1432, 1434 (9th Cir.1990); Peterson v. American Life & Health Ins. Co., No. 93-55973, slip op. 1733, 1742 (9th Cir. Feb. 15, 1995).
 
 
 15
 The undisputed facts and circumstances compel a holding that the insurance at issue constituted an ERISA plan that covered all the appellants at bar. Having concluded that the district court correctly found an ERISA plan, we also find preemption appropriate, and the savings clause exempting from preemption state laws regulating insurance inapplicable. See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 52-54 (1987); Kanne at 494.
 
 
 16
 AFFIRMED.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3